**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN ASFOUR,
Plaintiff-Appellant,

v.                                                                No. 96-2132

C. M. COSSLETT,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-96-184-A)

Submitted: September 9, 1997

Decided: September 29, 1997

Before HALL, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard E. Gardiner, Fairfax, Virginia, for Appellant. James S. Gilmore, III, Attorney General of Virginia, Catherine C. Hammond, Deputy Attorney General, Peter R. Messitt, Senior Assistant Attorney General, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John Asfour appeals the district court's order granting summary judgment to Virginia State Police Trooper C. M. Cosslett. The district court found that Cosslett was entitled to qualified immunity in connection with actions he took incident to a traffic stop of Asfour's vehicle. Finding no error, we affirm.

I

Asfour was driving a van on Interstate 95 when Trooper Cosslett stopped him for speeding. In plain view on the console of Asfour's van was a "ninja keychain," a metal shaft with two blunt-end spikes protruding from the shaft. In his affidavit, Asfour admits that a ninja keychain may be used as a weapon by gripping the device in a fist so that the two spikes protrude on either side of the middle finger, extending about one inch beyond the fingers.

When he saw the keychain, Trooper Cosslett informed Asfour that it was an illegal weapon in Virginia. He then conducted a search of the van, seizing the keychain and two firearms concealed in the van. Criminal charges against Asfour ultimately were dismissed.

Asfour brought this 42 U.S.C. § 1983 (1994) action against Trooper Cosslett, claiming that the warrantless search of his van and the seizure of the keychain and guns violated his Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures. Trooper Cosslett claimed entitlement to qualified immunity.

Following a hearing on the parties' cross motions for summary judgment, the district court ruled from the bench that Trooper Cosslett was entitled to qualified immunity. Pivotal to the court's ruling was the finding that Trooper Cosslett was objectively reasonable in believing that the ninja keychain was an illegal weapon in Virginia. The court concluded that the subsequent search and seizures were proper, given this reasonable belief. The court therefore entered judgment for Trooper Cosslett. Asfour timely appealed.

2

II

We review de novo the district court's award of summary judgment. See Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992). To determine whether an officer's conduct is immunized, we employ a three-step analysis. First, we identify the specific constitutional right allegedly violated. Next, we determine whether at the time of the alleged violation the right was clearly established. Finally, if the right was clearly established, we determine whether a reasonable person in the officer's position would have known that his actions violated that right. See Jean v. Collins, 107 F.3d 1111, 1114 (4th Cir. 1997).

This case meets the first two criteria. Warrantless searches are unreasonable under the Fourth Amendment, subject to certain well-recognized exceptions. See United States v. Milton, 52 F.3d 78, 80 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3246 (U.S. Oct. 2, 1995) (No. 95-5231). The initial stop and temporary detention of a motorist are justified if he has committed a traffic violation. See Whren v. United States, ___ U.S. ___, 64 U.S.L.W. 4409 (U.S. June 10, 1996) (No. 95-5841). A viewing position of the interior of a vehicle obtained during a proper traffic stop does not offend the Fourth Amendment. See Weaver v. Williams, 509 F.2d 884, 886 (4th Cir. 1975). Once an officer sees contraband inside a vehicle, he has probable cause to arrest the offender and may conduct a further search of the car. See New York v. Belton, 453 U.S. 454, 460-63 (1981); Chimel v. California, 395 U.S. 752, 762-63 (1969). And it is irrelevant whether the suspect is informed before, or immediately after, the search that he is subject to arrest. See Rawlings v. Kentucky, 448 U.S. 98, 111 (1980).

The dispute in this case centers on whether a reasonable officer in Trooper Cosslett's position would have believed the ninja keychain to be contraband. The relevant statute makes it illegal to possess various items, including "brass or metal knucks . . . or like weapons." Va. Code Ann. § 18.2-311 (Michie 1996). Asfour asserts that the keychain is so obviously different from brass knucks that it does not fall under the statute and that a reasonable officer would have recognized this. He cites no authority in support of his argument.

We disagree with his position. The ninja keychains are just the sort of "like weapons" contemplated by § 18.2-311. Asfour himself admits

3

in his affidavit that such keychains are weapons, and he describes how they are used. Like brass knucks, they are held in the fist and meant to inflict more harm than an ordinary fist could cause. This certainly qualifies them as "like weapons" under the statute.

III

A reasonable officer in Trooper Cosslett's position would have believed the ninja keychain to be contraband under Virginia law. Trooper Cosslett therefore was entitled to qualified immunity in connection with the search of the van and the seizure of the keychain and guns. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4